IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABDULLAH RASHEED[1],

    Petitioner,                  No. 2:12-cv-01012 DAD P

    vs.

VIRGA, et al.,

    Respondents.          <u>ORDER</u>

                                /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (<u>See</u> Doc. No. 5.)

        Petitioner has previously filed numerous applications for federal habeas relief with this court.[2]  In his petition pending in the above-numbered action, petitioner is challenging a 1994 judgment of conviction for grand theft presumably entered in the San Francisco County

/////

---

   [1]  Petitioner is also known as James E. Smith, CDCR inmate # J-74120.  <u>See Tahee abd Rasheed, aka James E. Smith v. San Francisco Sheriff's Dept.</u>, No. 1:08-cv-01826-OWW-YNP-SMS-PC, 2010 WL 2889090 (E.D. Cal. July 21, 2010).

   [2]  Since 2000, petitioner has filed twenty-two habeas petitions with the U.S. District Court for the Eastern District of California.

1

Superior Court following a jury trial .[3]  Court records indicate that petitioner's prior federal habeas petitions challenging convictions entered in the San Francisco County and San Mateo County Superior Courts have been transferred by this court to the U.S. District Court for the Northern District of California, where venue was proper.[4]  See Smith v. People of the State of California, Case No. 2:00-cv-02808 LKK GGH P, Doc. No. 4 - filed Feb. 9, 2001 (challenging a San Mateo County Superior Court conviction); Smith v. On Habeas Corpus, Case No. 1:06-cv-01040 AWI SMS HC, Doc. No. 11 - filed Nov. 3, 2006 (challenging a San Mateo County Superior Court conviction); Rasheed v. Gipson, Case No. 1:11-cv-01898 DLB (HC), Doc. No. 2 - filed Nov. 23, 2011 (challenging a San Francisco County Superior Courts conviction).  Thus, petitioner has been repeatedly advised by this court that any application for federal habeas relief challenging a conviction entered by either the San Francisco County or San Mateo County Superior Courts are properly filed in the U.S. District Court for the Northern District of California and not in this court.

However, the undersigned will not transfer this case to the U.S. District Court for the Northern District of California.  Rather, it appears that the claims for relief set forth in the pending petition would be subject to summary dismissal in any event.  Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a federal habeas petition should be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Here, petitioner is claiming that he should have been released from state prison in 1999 because at that time he had completed his term for a violation of parole.  This assertion, however, is contradicted by records filed in connection with petitioner's other habeas

---

[3]  In response to the first question in the form petition which requires petitioner to provide the name and location of the court that entered the judgment of conviction under attack, petitioner has stated merely:  "S.f., CA Court."  (Doc. No. 1 at 2.)

[4]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 actions in this court. In this regard, the court's records indicate that on January 6, 1999, petitioner was convicted of grand theft and second degree burglary following a jury trial before the San Mateo County Superior Court and was sentenced to a term of twenty-five years to life imprisonment. See Rasheed v. Harrington, Case No. 1:09-cv-00415 LJO GSA HC, Doc. No. 14-1 at 2 - filed July 6, 2009; Rasheed v. Hubbard, Case No. 1:11-cv-00948 SMS HC, Doc. No. 5 at 2 - filed June 30, 2011. Thus, it appears clear that contrary to his conclusory allegation, petitioner was not entitled to release from state custody in 1999 because at that time he was serving a state prison sentence of twenty-five years to life imprisonment. For all of these reasons, the court will summarily dismiss petitioner's frivolous habeas petition and dismiss this action.

In light of this order, the court will deny petitioner's application and request to proceed in forma pauperis. (Doc. No. 6 & 7.) Petitioner's request for injunctive relief and discovery will also be denied. (Doc. No. 7.)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 7, 2012 application to proceed in forma pauperis (Doc. No. 6) and May 14, 2012 request to proceed in forma pauperis (Doc. No. 7) are denied;

2. Petitioner's May 14, 2012 request for injunctive relief and discover (Doc. No. 7) is denied;

3. The petition for writ of habeas corpus (Doc. No. 1) is summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; and

4. This action is dismissed.

DATED: March 25, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rash1012.summdism